## Case No. 5,087.
### FREEMAN v. PEROT et al.
[2 Wash. C. C. 485.] [1]
Circuit Court, D. Pennsylvania. Jan., 1811.

[1] [Originally published from the MSS. of Hon. Bushrod Washington, Associate Justice of the Supreme Court of the United States, under the supervision of Richard Peters, Jr., Esq.]

Mr. Rawle, for defendants,

Mr. Dallas, for plaintiff,

WASHINGTON, Circuit Justice (charging jury). Before the defendants could be compelled to pay this bill, the plaintiff's agent should have shown himself authorized to place him in a situation to maintain all the rights to which he was entitled. This bill was accepted only in part, and was protested for the residue. The acceptance, supra protest, was for the honour of the payee; and although proof of payment might possibly be sufficient in an action against the person for whose honour the bill was partly accepted. upon a count for money paid to his use, yet, as the defendants, would have a right to sue all the endorsers above them, for whose honour it was accepted, as well as the drawer, such proof would not be sufficient, in an action against the drawer or such endorsers. if there had been any. As to them, at least, he must sue as endorsee. But in this case. the plaintiff was the last endorsee, and he has neither endorsed it in blank, nor to his agent. It was contended by the plaintiff, that the endorser who pays to a subsequent endorsee, may sue the drawer, or his endorser, upon proving payment. This may be so; but in that case. the endorser may strike out all the subsequent endorsements. and appear as the last endorser on the bill. In this case. the defendants could not have so appeared. without an endorsement by Freeman; and his name is not on the bill. It was further insisted. that Worth had an implied power, from the order, to make the endorsement. This may be questioned. but need not be decided; because, if he had. he ought to have offered to make it. when it was demanded by the defendants, and the want of it made the ground of their refusal to pay. The verdict, therefore, must be for the defendants.

Plaintiff suffered a nonsuit.